# IN THE COURT OF APPEALS OF IOWA

No. 18-1659
Filed February 6, 2019

**IN THE INTEREST OF M.D.,**
**Minor Child,**

**D.S., Father,**
      Appellant.
_____


      Appeal from the Iowa District Court for Dallas County, Virginia Cobb, District

Associate Judge.


      A father appeals the termination of his parental rights to his child.

**AFFIRMED.**


      Jesse A. Macro Jr. of Macro & Kozlowski, LLP, West Des Moines, for

appellant father.

      Thomas J. Miller, Attorney General, and Anagha L. Dixit, Assistant Attorney

General, for appellee State.

      Kayla Ann J. Stratton of Juvenile Public Defender's Office, Des Moines,

guardian ad litem for minor child.

      Jessica A. Millage, Des Moines, for intervenors.


      Considered by Potterfield, P.J., and Doyle and McDonald, JJ.

**DOYLE, Judge.**

A father appeals the termination of his parental rights to his child. "We review proceedings terminating parental rights de novo. We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *In re A*.S., 906 N.W.2d 467, 472 (Iowa 2018) (citations omitted).

The child was removed from the mother's care in February 2017 and adjudicated to be in need of assistance (CINA) due to the mother's drug use. The Iowa Department of Human Services (DHS) informed the father, who has a history of substance abuse, that he needed to complete a substance-abuse evaluation and follow through with the recommendations. Before doing so, the father was arrested in April 2017 for a probation violation and incarcerated. He has remained incarcerated during the pendency of the CINA proceedings.

The State filed a petition to terminate parental rights in February 2018.[1] The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(d), (e), and (h) (2018).

The father contends termination was contrary to the child's best interests. The best-interests analysis requires us to "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). In making this determination, we consider

---

[1] The termination of parental rights petition regarding the child's mother was dismissed after the mother died during the course of the proceedings.

whether the parent's ability to provide for the child's needs is affected by the parent's imprisonment for a felony.  *See id.* § 232.116(2)(a).

The father has not seen the child since January 2017.  His only contact with the child since being incarcerated is through cards and letters.  The father's discharge date is January 2020, and he testified that the earliest he could be released on parole would be around the end of 2018 or early 2019.  The father was twenty-seven years old at the time of the termination hearing, had begun using drugs when he was fifteen years old, and was actively using drugs before his most recent incarceration.  Even if the father is released on parole, he would need additional time to show he could safely parent the child.

Children are not equipped with pause buttons, and denying a child permanency in favor of a parent is contrary to the child's best interests.  *See A.S.*, 906 N.W.2d at 474 (noting children must not be deprived permanency on the hope that someday the parent will be able to provide a stable home).  Once the grounds for termination have been proved, time is of the essence.  *See In re C.B.*, 611 N.W.2d 489, 494 (Iowa 2000) (noting that although the law requires a "full measure of patience with troubled parents who attempt to remedy a lack of parenting skills," this patience has been built into the statutory scheme of chapter 232); *In re R.J.*, 436 N.W.2d 630, 636 (Iowa 1989) (noting that once the time period for reunification set by the legislature has expired, "patience on behalf of the parent can quickly translate into intolerable hardship for the children"); *In re A.C.*, 415 N.W.2d 609, 614 (Iowa 1987) ("It is unnecessary to take from the children's future any more than is demanded by statute.  Stated otherwise, plans which extend the twelve-month period during which parents attempt to become adequate in parenting skills

should be viewed with a sense of urgency.").  The child's best interests require terminating the father's parental rights.

The father also contends the DHS failed to consider placing the child in the care of the child's paternal grandmother.  However, the record shows that the DHS did not allow visits at the paternal grandmother's home because it was deemed unsafe.  The record also shows the child has lived in the maternal grandparents' home since before the February 2017 removal, was placed in the maternal grandparents' home at the time of removal, and has remained in that placement since.  The maternal grandparents were considered a long-term placement and were willing to adopt the child, and the DHS worker recommended the child continue in that placement.

Because terminating the father's parental rights is in the child's best interests, we affirm.

**AFFIRMED.**